JOHN S. GEIGER SONS, INC., A CORPORATION. RESPOND-
ENT, v. EDWARD M. WALDRON, INC., APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. It is the province of the court to construe a written instrument
   where its effect does not depend upon collateral facts or ex-
   trinsic circumstances.
2. It is the province of the jury to decide controverted questions
   of fact.
3. A contention that the charge of the trial court did not clearly
   present the issues to the jury, was misleading and tended to con-
   fuse, points out no particular ground of error and does not
   present a case for review.
4. Where an exception is taken to a refusal to charge several re-
   quests which are grouped, if one or more of such requests are
   bad, it is proper to refuse to charge them altogether, as it is
   not error to refuse to charge a request containing several propo-
   sitions if any of them are unfounded.

On appeal from the Essex County Circuit Court.

For the appellant, *Jacob L. Newman* and *Lionel P. Kris-
teller.*

For the respondent, *Pomerehne, Laible & Kautz.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    Plaintiff brought suit in the
Essex County Circuit Court against the defendant on a writ-
ten contract entered into June 24th, 1922, between Edward
M. Waldron, Inc., as party of the first part, and J.
S. Geiger Sons, Inc., as party of the second part, the
purpose of which was to provide for the excavation work to
be done in the construction of the institutional building of
the Young Men's and Young Women's Hebrew Association,
Newark. The contract provided, *inter alia,* as follows:

"In consideration of the premises, and the sum of $0.90
per cubic yard for earth excavation that can be done with
steam shovel to be paid to the said party of the second part

by the said party of the first part as hereinafter mentioned, subject to the deductions and additions, the said party of the second part hereby agrees that they will furnish all the labor, &c., work mentioned, provided for and required by the said 'original building contract' complying in every respect therewith, and with plans and specifications and other conditions appertaining thereto.

\*          \*          \*          \*          \*          \*          \*

"Hard shale or rock to be paid for by the party of the first part at the rate of $3.50 per cubic yard. All other material to be paid for as provided in this contract.

"Boulders in excess of fourteen cubic feet shall be considered rock, less than fourteen feet shall be considered earth."

The cause was tried before a jury, who returned a verdict for the plaintiff, and from the judgment entered thereon appeal is taken to this court.

The first contention made by appellant is that the trial court "usurped" the prerogative of the jury by deciding as matter of law questions of fact which should have been left to the determination of the jury. Under this it is argued that the terms of the contract are ambiguous, and their meaning was to be determined from extrinsic evidence which was conflicting, and presented a question for the jury. We think otherwise. The construction and effect of a written instrument is a matter of law to be determined by the court and not by the jury, unless construction depends upon extrinsic facts which are in dispute. This contract was clear and unambiguous, and was properly construed by the court as a question of law. *Sommer Faucet Co.* v. *Com. Cas. Ins. Co.,* 89 *N. J. L.* 693; *Hope* v. *Maccabees,* 91 *Id.* 148; *Downs* v. *New Jersey Fidelity and Plate Glass Insurance Co.,* 91 *Id.* 523, 525. It was quite improper to characterize the court's action as a usurpation. It would have been enough to have said it was erroneous, and that would have effectually raised the question.

The second contention made on behalf of the appellant is that the construction of the contract by the trial judge was erroneous in law and not in accordance with the express lan-

guage of the contract or the intention of the parties. The argument under this head is as to what was hard shale or rock, and what was earth. The answer to appellant's contention is that the judge left this question to the jury, whose province it was to decide the fact. As already stated, the judge properly construed the contract, and an appeal does not lie from the finding of fact by a jury in a civil cause.

The third contention made on behalf of appellant is that the charge of the trial court did not clearly present the issues to the jury, was misleading and tended to confuse. Under this head we are not pointed to any ground of appeal, nor is there any. Therefore, there is nothing for our consideration upon this score.

The fourth contention made on behalf of the appellant is that the trial court erroneously refused to charge defendant's requests. There were seven (after eliminating those withdrawn by counsel), and are grouped in the grounds of appeal under one head, thus: "1. (a), (b), (c)," &c. The argument is, likewise, under one head, and is vague and indefinite, and points out nothing in particular. The argument is that the refusal to give a proper instruction requested by a party is ordinarily ground for a new trial; that the requests to charge embraced the law applicable to the issue to be decided by the jury, and were so framed as to clearly and concisely set before the jury the principles by which the verdict was to be governed; that they were based upon sound legal authority and a true consideration of the contract; that had the trial court instructed the jury as the defendant requested, the jury would have been left in position to apply the legal principles involved in the testimony adduced by both parties without any confusion or vague and misleading conceptions of the law in the case; that in view of the trial court's refusal to so instruct, the substantial rights of the defendant were injuriously affected. This is the substance, and, without being a literal quotation, almost the exact words of the argument. And it is all of the argument on this head.

Thus it will be seen that the defendant treated all of the requests as a single and entire proposition. And that brings the case within the doctrine of *Schreiber* v. *Public Service Railway Co.*, 89 *N. J. L.* 183, 186, wherein this court held that where an instruction asked for is partly good and partly bad, it is proper to refuse it altogether, and that it is not error to refuse to charge a request containing several propositions if any of them are unfounded. See, also, *Christy* v. *New York Central and Hudson River Railroad*, 90 *Id.* 540; *Max* v. *Kahn*, 91 *Id.* 170. And this is the case in respect to a series of instructions asked in gross, some of which are correct and other incorrect. 38 *Cyc.* 1707. At least one of these requests was bad, and that is the third, that if the evidence established the fact that the excavating could have been completed exclusively by a steam shovel, no matter what the character of the earth, whether loam, shale, rock or dirt, then the plaintiff could not recover more than ninety cents per cubic yard for the work done and performed under the contract. The granting of this request would have required the court to construe the contract differently from its terms, and would have taken from the jury the question of what was rock and what was earth. It is obvious that the removal of rock could have been completed exclusively with a steam shovel if the rock had been first broken up. But this the plaintiff was not required to do under the terms of the contract. If rock were encountered the plaintiff was entitled to $3.50 per cubic yard, no matter how the removal was completed. One of the propositions running through several of the requests was charged, namely, that concerning the burden of proof being on the plaintiff.

We do not wish to be understood as saying that when requests to charge, embodied in separate propositions and numbered as in this case, are proffered, that counsel may not except to the court's refusal to charge them by mentioning them in a group with their numbers in such a way that they may be identified, but when in an appellate court reliance is placed upon the refusal of the trial court to charge the particular prayers as requested, whether or not each is made the

specific ground of appeal, they must, at least, be argued separately, and in such a way that particular errors in law, said to have been committed by the court below, must be pointed out, and they may not be grouped in an argument founded on the most general principles, as was done in this case. A court of review is not bound to search through the record and separate that which may be bad from that which may be good. That is properly the work of counsel. Specific errors, upon which reliance is placed, must be pointed out.

In *Associates, &c.,* v. *Davison,* 29 *N. J. L.* 415, this court held that where several distinct points ruled by the court are excepted to, they may be included in one bill of exception, and each point be subject of an assignment of error; each proposition excepted to should be distinctly stated so that the (trial) court may know the precise point presented for decision, and that the court above may know the error complained of. And (at *p.* 417) it was held that a charge containing many distinct propositions of law may not be excepted to in gross.

In *Packard* v. *Bergen Neck Railway Co.,* 54 *N. J. L.* 229, Chief Justice Beasley, speaking for the Supreme Court, said (at *p.* 232) : "It is, and has long been, settled in our legal practice, that a bill of exception can have no legal operation whatever, unless each objection contained in it asserts a single and specific ground of error; each objection must fall unless it can be upheld *in toto.* This rule is not a formal one, but is necessary to a successful administration of justice in subjection to legal methods. Its *rationale* is this : To enable the judge conducting the trial, by having his mind called distinctly to his rulings or charge, to explain or amend his expression of the law as applied to the case. In the instance before us this was not done. If it had been done, there is every reason to believe the error in question would have been eliminated; therefore, the reason why such ratification was not made is, that this bill of exception was multiform when it should have been single, and was general

when it should have been specific.    The plaintiff in error cannot take advantage of his own remissness."

The fifth contention made on behalf of appellant is a mere grouping and summing up of the points above argued, concluding with the assertion that the several errors having prejudiced the rights of the defendant so that it did not have a fair and impartial trial of the issue, the judgment should be reversed and a new trial granted.    Of course, this points out nothing and does not amount to an argument.    It is a mere conclusion.

The judgment under review should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.    16.

*For reversal*—None.